

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TH:JRS
F. #2019R01150

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 29, 2021

<u>By ECF</u>

The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Orlando Dennis
                    <u>Criminal Docket No. 20-214 (CBA)</u>

Dear Judge Amon:

        The government respectfully submits this letter in connection with the defendant's sentencing, currently scheduled for May 6, 2021. The government respectfully submits that a sentence within the U.S. Sentencing Guidelines (the "Guidelines") range calculated in the Presentence Investigation Report ("PSR") of 87 to 108 months' imprisonment, would be sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.

    I.    <u>Background</u>

        A.    <u>The Drug Conspiracy</u>

        In May and June of 2019, the defendant conspired with co-defendant Wayne Stephenson to import cocaine into the United States from Jamaica. As described in the PSR, the evidence reflects that the defendant was the owner of the drugs being shipped, while Stephenson was responsible for facilitating the shipment and smuggling of the drugs. <u>See</u> PSR ¶¶ 7, 10. As part of the conspiracy, Stephenson recruited his brother, Ryan Smalling, who worked at John F. Kennedy International Airport ("JFK Airport"), to intercept the cocaine when it arrived at JFK Airport.

        The defendant and Stephenson both traveled to Jamaica in May 2019, where they met to organize the cocaine shipment. <u>See</u> PSR ¶ 7. While in Jamaica, the defendant spoke to Smalling about the plans to ship the cocaine. <u>See id.</u> After the defendant returned to the United States, he recruited a co-worker to wire $4,000 to Stephenson (who remained in Jamaica) under the co-worker's name. <u>See id.</u>

On June 7, 2019, approximately three kilograms of cocaine were sent from Jamaica to New York. See PSR ¶ 8. When the cocaine arrived, however, Smalling and another baggage handler he had recruited into the conspiracy (William Brown), failed to intercept the luggage containing the cocaine and the drugs were found by law enforcement. See id. ¶¶ 8-9.

Soon after Smalling and Brown missed the bag, Stephenson informed the defendant that there was a "big problem." PSR ¶ 10. The defendant responded by contacting another individual to complain that Stephenson and Smalling had stolen "his thing" and "his food." Id. After the defendant obtained Smalling's contact information from Stephenson, the defendant contacted Smalling numerous times, telling Smalling that he (the defendant) was the owner of the drugs and that he would kill Smalling if Smalling did not give back the drugs or pay for them. See id.

The defendant was arrested for his role in the conspiracy on January 6, 2020. See PSR ¶ 15. Following his arrest, he denied knowingly participating in the smuggling conspiracy and claimed that he had only threatened Smalling at Stephenson's direction. See id.

B. Tax Evasion

While investigating the drug scheme, the government learned that the defendant had deposited over $600,000 in cash into his bank accounts between 2014 and 2019, despite a reported income of approximately $25,000 per year. See PSR ¶ 12. Based on a comparison of the defendant's cash deposits and the defendant's reported income, the Internal Revenue Service (the "IRS") computed that the defendant had unrepresented his income and failed to pay $136,311 in taxes. See PSR ¶ 13.

C. Procedural History

The defendant was indicted on June 18, 2020 for conspiracy to import and distribute 500 grams or more of cocaine. See ECF Dkt. No. 16. On October 22, 2020, the defendant indicated that he intended to proceed to trial, and the Court scheduled a trial for February 16, 2020. On November 30, 2020, the government filed its motion in limine seeking to admit evidence of the defendant's unexplained financial deposits and prior drug related communications as evidence of his knowing participation in the drug conspiracy. See ECF Dkt. No. 39. On December 28, 2020, the defendant indicated that he expected to plead guilty (ECF Dkt. No. 44), and on January 14, 2021, the defendant pleaded guilty to a superseding information charging him with one count of tax evasion and one count of conspiracy to import 500 grams or more of cocaine (ECF Dkt. Nos. 47-49).

II. Sentencing Guidelines

The Guidelines Offense Level calculation, as set forth in the PSR, is as follows:

Count One (Tax Evasion)

| | | |
|---|---|---:|
| | Base Offense Level (§§ 2T1.1(a) and 2T4.1(F)) | 16 |
| Plus: | The defendant failed to report $10,000 or more of income from criminal activity (§ 2T1.1(b)(1)) | +2 |
| Total: | | 18 |

Count Two (Conspiring to Import 500 Grams or More of Cocaine)

| | | |
|---|---|---:|
| | Base Offense Level (§§ 2D1.1(a)(5) and (d)(7)) | 26 |
| Plus: | The defendant made a credible threat to use violence (§ 2D1.1(b)(2)) | +2 |
| Plus: | The defendant was directly involved in the importation of a controlled substance (§ 2D1.1(b)(16)(C)) | +2[1] |
| Plus: | The defendant was an organizer of the offense (§ 3B1.1(c)) | +2 |
| Total: | | 32 |

---

[1] At the sentencing for defendant Wayne Stephenson, the Court asked the government for more information about the enhancement under § 2D1.1(b)(16)(C). In the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (the "Act"), Congress instructed the United States Sentencing Commission (the "Commission") to make several changes to the Guidelines applicable to drug offenses to calibrate the offense level more precisely based on the defendant's role in the crime. In particular, Section 6(3)(A) and 6(3)(B)(iii) of the Act instructed the Commission "to ensure an additional increase of at least 2 offense levels if . . . the defendant is an organizer, leader, manager, or supervisor of drug trafficking activity subject to an aggravating role enhancement under the guidelines; and . . . was involved in the importation into the United States of a controlled substance." This provision appears to have been a response, in part, to a 2007 Commission report that broke down categories of drug offenders from most culpable to least culpable and which identified as most culpable those who "[i]mport[] or suppl[y] large quantities of drugs, [are] near the top of the distribution chain, and [have] ownership interest in the drugs." See U.S. Sent'g Comm'n, Report to Congress: Cocaine and Federal Sentencing Policy 18 (May 2007), https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/drug-topics/200705_RtC_Cocaine_Sentencing_Policy.pdf.

Multiple Count Analysis (§§ 3D1.1, 3D1.4)

| | | | Level | Units |
|---|---|---|---|---|
| Highest Adjusted Offense Level: | | | | 32 |
| Group 1: | Count Two | | 32 | 1 unit |
| Group 2: | Count One | | 18 | 0 units |
| | Total Units | | | 1 unit |
| Plus: | 0 Levels (§ 3D1.4) | | | +0 |
| Total: | | | | 32 |
| Less: | Acceptance of responsibility (§ 3E1.1) | | | -3 |
| Total: | | | | 29 |

PSR ¶¶ 29-52.

This calculation is consistent with the calculation set forth in the defendant's plea agreement.

As set forth in the PSR and the plea agreement, because the defendant's Criminal History Category is I, the applicable Guidelines sentencing range is 87 to 108 months' imprisonment.

### III.  Argument

The government respectfully submits that a sentence within the Guidelines range of 87 to 108 months' imprisonment would be sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.

This range appropriately takes into account the defendant's role in the drug importation scheme, as well as his threatened violence against Smalling. The range also appropriately reflects the fact that the defendant stood most to profit from the narcotics scheme. In addition, this range is justified in light of the evidence showing that the defendant had for years been making hundreds of thousands of dollars in cash profits that are

unexplained by any legitimate business, suggesting that this was not his first narcotics offense.[2]

The defendant argues that he should receive a sentence below the 70-month sentence received by Stephenson because Stephenson was "the worst actor undoubtedly," "the mastermind behind the entire scheme," and "undoubtedly the lead organized and architect behind this scheme." ECF Dkt. No. 58 ("Def. Mem.") at 3-4. These claims are unsupported by any evidence.

For example, the defendant states that Stephenson "instructed" the defendant to threaten Smalling. The only support for this claim is the defendant's own post-arrest statement, the same self-serving statement where he falsely claimed to have had no involvement in the conspiracy prior to the night he heard from Stephenson that the bag had gone missing. Moreover, that claim is undermined by evidence of the defendant's conversations after the cocaine was lost, in which he expressed his belief that Stephenson may have been responsible for the loss of the drugs.

The defendant also claims that he "never personally had Mr. Smalling's number." Def. Mem. 4. That claim is false. As the defendant is aware, when he was arrested, he had two phones, one that was primarily used in Jamaica and one that was primarily used in the United States. Records from the Jamaica phone (which were produced to the defendant on August 6, 2020) indicate that the defendant attempted to call Smalling on June 1, 2019, several days before the cocaine was shipped to the United States.

Accordingly, in this case, the sentencing factors set forth in Title 18, United States Code, Section 3553(a), weigh in favor of a sentence of 87 to 108 months' imprisonment. This range accurately reflects the seriousness of the defendant's role in a conspiracy to import and distribute a significant amount of cocaine, reflects the seriousness of his unearned income and related tax evasion and will serve to deter other individuals from similarly engaging in such conduct. See 18 U.S.C. § 3553(a)(2)(A)-(B).

---

[2] The defendant suggests that he was earning $10,000 per month in cash profits from his on-the-side business of delivering bread on nights and weekends. See Def. Mem. 9. The government respectfully submits that this explanation is implausible.

5

IV.      Conclusion

For the foregoing reasons, the government respectfully submits that a sentence within the Guidelines range 87 to 108 months' imprisonment would be sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.

                        Respectfully submitted,

                        MARK J. LESKO
                        Acting United States Attorney

By:    /s/ Jonathan Siegel
        Jonathan Siegel
        Assistant U.S. Attorney
        (718) 254-6293

cc:    Clerk of the Court (CBA) (by ECF)
       Jason Goldman, Esq. (by ECF and Email)
       Roberta Houlton, United States Probation Officer (by Email)
       Jaime Turton, United States Probation Officer (by Email)